## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**CARHARTT, INC.**

        Plaintiff,

**v.**

**COSTA DEL MAR, INC.**

        Defendant.

**Case No. 3:21-cv-11844-RHC-CI**

## DEFENDANT COSTA DEL MAR, INC.'S MOTION TO DISMISS COUNT V AND FOR A MORE DEFINITE STATEMENT AND BRIEF IN SUPPORT



# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................ 1

II.   FACTUAL BACKGROUND .................................................... 2

    A.   Brief Costa History ............................................................ 2

    B.   Carhartt's Complaint in this Lawsuit................................. 4

III.   ARGUMENT .......................................................................... 7

    A.   Carhartt's MCPA Claim is Barred ..................................... 7

        1.   Legal Standard ......................................................... 7

            a.   Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) .. 7

            b.   Supplemental jurisdiction ............................. 7

        2.   Carhartt's Michigan Consumer Protection Act Claim is Barred by the Applicable Statute of Limitations ................................. 8

        3.   Carhartt Cannot Assert a Private Cause of Action for the Michigan Consumer Protection Act ....................................... 11

        4.   Costa's Conduct is Exempt From the MCPA ......................... 12

        5.   At a Minimum, the Court Should Decline Supplemental Jurisdiction on the MCPA Claim ............................................ 15

    B.   Carhartt Should be Required to Provide a More Definite Statement..15

        1.   Legal Standard ....................................................... 15

        2.   Carhartt's Complaint Does Not Adequately Disclose the Asserted Trademarks ............................................ 16

IV.   CONCLUSION ........................................................................ 18



i

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Allison Transmission, Inc. v. Fleetpride, Inc.*,
No. 1:16-cv-02455, 2017 U.S. Dist. LEXIS 51
(S.D. Ind. Apr. 5, 2017) ...............................................................17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................... 7

*Beaver v. Figgie Int'l Corp.*,
849 F. 2d 1472 (6th Cir. 1988)....................................................11

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)...................................................................... 7

*Bliss Clearing Niagara Inc v. Midwest Brake Bond Co.,*
339 F. Supp. 2d 944 (W.D. Mich. 2004) ..................................9, 10

*Bobo v. City of Pontiac*,
No. 08-CV-10265, 2008 U.S. Dist. LEXIS 11415
(E.D. Mich. Feb. 15, 2008) .......................................................8, 15

*Boink Sys. v. Las Vegas Sands Corp.*,
No. 2:08-cv-00089, 2008 U.S. Dist. LEXIS 130782
(D. Nev. Dec. 10, 2008) ...............................................................17

*Chiasson v. Winnebago Indus.*,
No. 01-CV-74809, 2002 U.S. Dist. LEXIS 27462
(E.D. Mich. May 16, 2002).........................................................14

*Fisher v. Caruso*,
Nos. 03-71804, 06-11110, 2007 U.S. Dist. LEXIS 45366
 (E.D. Mich. June 22, 2007)........................................................15

*Hankins v. Greektown Casino*,
Case No. 12-11258, 2012 U.S. Dist. LEXIS 48919
(E.D. Mich. Apr. 6, 2012)..........................................................15



*Hindelang v. City of Grosse Pointe*,
No. 20-cv-11876, 2020 U.S. Dist. LEXIS 163885
(E.D. Mich. Sep. 9, 2020) ........................................................................ 8

*J. Howard Cavin v. GMC*,
1997 Mich. App. LEXIS 2103 (Mich. Ct. App. Nov. 4, 1997) ...................11

*La. Pac. Corp. v. James Hardie Bldg. Pr*o.,
No. C-12-3433, 2012 U.S. Dist. LEXIS 162980
(N.D. Cal. Nov. 14, 2012) .......................................................................17

*Leavitt v. Monaco Coach Corp.*,
241 Mich. App. 288 (2000) .....................................................................14

*Marilyn Froling Revocable Living Trust v. Bloomfield Hills Country Club*,
283 Mich. App. 264 (2009) .....................................................................10

*Midwest Auto Auction, Inc. v. McNeal*,
No. 11-14562, 2012 U.S. Dist. LEXIS 114170
(E.D. Mich. Aug. 14, 2012) ...................................................................... 7

*Molosky v. Washington Mut., Inc.*,
664 F.3d 109 (6th Cir. 2011) ..................................................................13

*Monster Cable Prods. v. Euroflex S.R.L.*,
642 F. Supp. 2d 1001 (N.D. Cal., July 10, 2009) ........................................16

*Paquette v. Ron's Marine*,
2016 Mich. App. LEXIS 983 (Mich. Ct. App. May 17, 2016) ...................10

*Robertson v. State Farm Fire & Cas. Co.*,
890 F. Supp. 671 (E.D. Mich. 1995) .......................................................11

*Sanderson v. Unemployment Ins. Agency*,
2018 Mich. App. LEXIS 3073 (Mich. Ct. App. August 23, 2018) ..............10

*Sherman v. Sea Ray Boats*,
251 Mich. App. 41 (2002) .......................................................................14

*Smith v. Global Life Ins. Company*,
460 Mich. 446 (1999) .............................................................................12

iii



*Southard v. Newcomb Oil Co., LLC*,
    No. 20-5318, 2021 U.S. App. LEXIS 23073 (6th Cir. Aug. 4, 2021) ........... 8

*Valero LLC v. Valero Energy Corp.*,
    No. 14-21694, 2014 U.S. Dist. LEXIS 110554
    (S.D. Fla. Aug. 11, 2014) ................................................................. 15, 16

*Watkins Son Pet Supplies v. Iams Co.*,
    107 F. Supp. 2d 883 (S.D. Ohio 1999) ........................................ 11

## Statutes

15 U.S.C. §1114 ..........................................................................5, 6, 18
15 U.S.C. §1125(a) ............................................................................ 5
15 U.S.C. §1125(c) ............................................................................ 5
28 U.S.C. § 1367(a) ........................................................................... 8
28 U.S.C. § 1367(c)(1) ....................................................................... 8
MCL §440.1101 ...............................................................................13
MCL §440.2102 ...............................................................................13
MCL §440.2103 ...............................................................................14
MCL §440.2105 ...............................................................................14
MCL §440.2106 ...............................................................................14
MCL §440.2301 ...............................................................................14
MCL §440.2304 ...............................................................................14
MCL §§440.2313-440.2315 ...............................................................14
MCL §445.901 .................................................................................12
MCL §445.904(1)(a) .........................................................................12
MCL §445.911 ................................................................................. 8
MCL §600.5827 ...............................................................................10
MCPA §445.903 .............................................................................. 5

## Rules

Fed. R. Civ. P. 12(b)(6) ...................................................................1, 7
Fed. R. Civ. P. 12(e) ....................................................................2, 15, 16



iv

## **CONCISE STATEMENT OF ISSUES PRESENTED**

1. Should Plaintiff's claim under the Michigan Consumer Protection Act be dismissed where its Complaint admits that the acts complained of began at least twelve years prior to the filing of the Carhartt Complaint and where the Michigan Consumer Protection Act imposes a six-year statute of limitations that begins to run at the time the first alleged wrongful act occurred and is not tolled for subsequent alleged wrongful acts?

   Plaintiff Answers: "No"

   Defendant Answers: "Yes"

2. Should Plaintiff's claim under the Michigan Consumer Protection Act be dismissed where Michigan law provides that claims under the Michigan Consumer Protection Act are intended to be asserted only by customers and precludes claims brought by a competitor?

   Plaintiff Answers: "No"

   Defendant Answers: "Yes"

3. Should Plaintiff's claim under the Michigan Consumer Protection Act be dismissed where Michigan law specifically exempts conduct that is authorized and regulated under State law and the conduct complained of by Plaintiff is authorized and regulated under Michigan's Uniform Commercial Code?

   Plaintiff Answers: "No"

   Defendant Answers: "Yes"



4. Should Plaintiff be required to provide a more definite statement of its claims where Plaintiff's Complaint does not specifically identify the marks it claims Defendant has infringed?

Plaintiff Answers: "No"

Defendant Answers: "Yes"



## MOTION

Defendant Costa Del Mar, Inc. ("Costa") hereby moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count V of Plaintiff Carhartt, Inc.'s ("Carhartt") Complaint alleging violation of the Michigan Consumer Protection Act ("MCPA") on myriad grounds.  The basis for Defendant's motion is set forth more fully in its accompanying brief in support filed concurrently herewith.

Counsel for both parties met and conferred by telephone on February 10, 2022 in a good faith attempt to resolve the dispute prior to filing of this Motion.

Defendant respectfully request that this motion be GRANTED.

<div style="margin-left:40%">

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

</div>

Dated: February 10, 2022

<div style="margin-left:40%">

/s/ Marc Lorelli
Marc Lorelli (P63156)
Chanille Carswell  (P53754)
Rebecca J. Cantor  (P76826)
Chelsea E. Pasquali (P77375)
Reza Roghani Esfahani (P83787)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel:  (248) 358-4400 / Fax:  (248) 358-3351
Email:  mlorelli@brookskushman.com
          ccarswell@brookskushman.com
          rcantor@brookskushman.com
          cpasquali@brookskushman.com
          resfahani@brookskushman.com

*Attorneys for Defendant*

</div>



1

## BRIEF IN SUPPORT

## I.       INTRODUCTION

Defendant Costa Del Mar, Inc. ("Costa") moves pursuant to Fed. R. Civ. P.

12(b)(6) to dismiss Count V of Plaintiff Carhartt, Inc.'s ("Carhartt") Complaint

alleging violation of the Michigan Consumer Protection Act ("MCPA") on several

grounds. As set forth more fully below, Carhartt's own allegations establish that its

MCPA claim is barred by the applicable six-year statute of limitations as Carhartt

alleges in its Complaint that Costa has used its "wave" logo that is the basis of

Carhartt's claims since at least 2009.  Costa has used its "wave" logo since long prior

to the date, but that is not material for the present motion.

Notwithstanding that Carhartt's claim is untimely as alleged, Carhartt also

fails to state a claim. First, Michigan law prohibits a business from asserting a MCPA

claim against a competitor, as is the case here. Second, Michigan law exempts from

the MCPA conduct that is authorized and regulated under state law. In this case, the

complained of acts, Costa's sale of consumer products (apparel) is expressly

authorized and regulated by Michigan's Uniform Commercial Code ("UCC"). For

these reasons, the Court should dismiss Count V in its entirety. Alternatively, the

Court should decline to exercise supplemental jurisdiction over the MCPA claim for

the same reasons as it is duplicative of Carhartt's Federal claims that address the

same complained of conduct.



Costa further moves that the Court compel Carhartt to clearly define the trademarks it is asserting against Costa as the bases of its trademark infringement claims. That is, Carhartt alleges that Costa's "wave" logo infringes the "Carhartt Marks." But, Carhartt does not specifically identify what marks are included in the "Carhartt Marks." Rather, it identifies the Carhartt Marks as "the Stylized C Logo in its various forms." This is simply not enough information for Costa to determine exactly what it is being accused of infringing. Therefore, pursuant to Fed. R. Civ. P. 12(e), Costa respectfully requests that the Court order Carhartt to give a more definite statement of the marks Carhartt is alleging in this lawsuit.

## II.    FACTUAL BACKGROUND

### A.    Brief Costa History

Since 1983, Costa has provided high quality eyewear, particularly sunglasses used by those active in boating, fishing, and other outdoor activities. The company has since expanded its brand to include apparel and accessories.

Costa began using its "wave" logo as a trademark 20 years ago.



Costa's sunglasses and prescription glasses feature Costa's signature "wave" logo and have for many years.  As noted above and as many successful brands do, Costa also sells apparel and accessories featuring its "wave" logo – and it has for many



2

years.    As an example, the following images showing Costa's apparel and accessories are reproduced from Costa's 2010 catalog attached as **Exhibit A**.





Costa sells its sunglasses, apparel and accessories featuring the Costa "wave" trademark online and through major retailers including Academy Sporting Goods, Dick's Sporting Goods, West Marine, and Sportsman's Warehouse, in addition to online channels including Amazon.com.



## B.     Carhartt's Complaint in this Lawsuit

In paragraph 33 of the Complaint, Carhartt presented a distorted and unidentified picture of a Costa hat at a retailer – which appears to be the same Costa hat shown above in the 2010 catalog.  In Paragraph 28 of the Complaint, Carhartt alleges that in June of 2009, Costa used its "wave" trademark online.  The Complaint shows an "online store" link which has – as expected – Sunglasses, Accessories, and Apparel as options.

Costa herein moves to dismiss Count V of Carhartt's Complaint alleging violation of the MCPA given that Carhartt acknowledges in the Complaint Costa's long-term use of the "wave" logo. Carhartt specifically cites evidence showing use by Costa at least as early as 2009, well outside the applicable six-year statute of limitations. (*See* ECF #1, ¶28-29, pp. 12-14). Costa further seeks dismissal of Count V because, as set forth below, under Michigan state law Carhartt is prohibited from asserting a MCPA claim against a competitor and, in any event, Costa is exempt given that the acts on which the claim is based are authorized and regulated under Michigan state law.

Costa further moves the Court to require Carhartt to provide a more definite statement of its claims relating to Carhartt's alleged trademarks. That is, after peacefully coexisting with Costa for decades, Carhartt now alleges that Costa's "wave" logo infringes an unidentified set of trademarks referred to as the "Carhartt



Marks." (*See generally* ECF 1.) More specifically, Carhartt alleges that Costa committed: (1) trademark infringement under 15 U.S.C. §1114 (Count I); (2) unfair competition and false designation of origin under 15 U.S.C. §1125(a) (Count II); (3) trademark dilution under 15 U.S.C. §1125(c) (Count III); (4) common law trademark infringement (Count IV); (5) common law unfair competition (Count IV) and (6) violation of the Michigan Consumer Protection Act ("MCPA") §445.903 (Count V). (*Id.* at Counts I-V.) With the exception of Count II (unfair competition and false designation of origin under 15 U.S.C. §1125(a)), each of these claims is based on Costa's alleged wrongs with respect to the "Carhartt Marks." (*Id.*)

Unfortunately, Carhartt never specifically defines the "Carhartt Marks." Instead, Carhartt states that the "Carhartt Marks" refers to Carhartt's "Stylized C Logo in its various forms:"

> For many decades, the Stylized C Logo in its various forms has been recognized as a strong source identifier for clothing and related accessories originating from Carhartt (all such marks being, collectively, the "Carhartt Marks").

(ECF No. 1 at ¶14.) While Carhartt provides examples of some of the Carhartt logos that it uses (*see*, *e.g.*, *id.* at ¶¶11, 13), it is not clear whether those examples comprise all of the "various forms" of Carhartt's Stylized C Logo. For example, it is unclear whether the "Carhartt Marks" encompass any common law trademarks that are not



reflected in Paragraph 11 of the Complaint.[1] Moreover, Carhartt owns several trademark registrations that are not listed in Paragraph 13 of the complaint. (*See* Exhibit A.) It is unclear whether these registrations should be included in the "Carhartt Marks" or whether some registrations included are actually being asserted in this lawsuit. Compounding this confusion is the fact that Carhartt alleges that Costa infringed the Carhartt Marks in both Count I (infringement of federally registered marks under the 15 U.S.C. §1114) and Count IV (common law infringement). As the Court is aware, only registered marks are actionable under 15 U.S.C. §1114. Conversely, common law infringement generally relates to the infringement of unregistered, common law trademarks. Therefore, it would stand to reason that there should be a different set of trademarks asserted for each claim. Yet here, Carhartt asserts the same trademarks for both claims. In short, Carhartt's Complaint does not specify precisely which trademarks Costa is allegedly infringing. As a result, Costa does not know which trademarks it is accused of infringing and is therefore unable to answer Carhartt's Complaint.

---

[1] Since Carhartt is alleging common law trademark infringement (Count IV), it is reasonable to infer that Carhartt is alleging that it has certain trademarks in which it is claiming common law rights.



6

### III. ARGUMENT

**A. Carhartt's MCPA Claim is Barred**

**1. Legal Standard**

#### a. Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

"A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint." *Midwest Auto Auction, Inc. v. McNeal*, No. 11-14562, 2012 U.S. Dist. LEXIS 114170, at *12 (E.D. Mich. Aug. 14, 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, Carhartt's MCPA claim is facially deficient on multiple grounds. Specifically, it is barred by the statute of limitations, Carhartt is prohibited from asserting such a claim against a competitor, and Costa is exempt given that the acts on which the claim is based are authorized and regulated under state law.

#### b. Supplemental jurisdiction

District courts "have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form



part of the same case or controversy…." 28 U.S.C. § 1367(a); *Southard v. Newcomb Oil Co., LLC*, No. 20-5318, 2021 U.S. App. LEXIS 23073, at *7 (6th Cir. Aug. 4, 2021). A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims. *Hindelang v. City of Grosse Pointe*, No. 20-cv-11876, 2020 U.S. Dist. LEXIS 163885, at *2-3 (E.D. Mich. Sep. 9, 2020).

A court may decline supplemental jurisdiction where, among other reasons, "the claim raises a novel or complex issue of State law" or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1) and (4); *Southard*, 2021 U.S. App. LEXIS 23073 at *7. Compelling reasons "should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness and comity." *Bobo v. City of Pontiac*, No. 08-CV-10265, 2008 U.S. Dist. LEXIS 11415, at *6 (E.D. Mich. Feb. 15, 2008).

## 2. Carhartt's Michigan Consumer Protection Act Claim is Barred by the Applicable Statute of Limitations

In Count V, Carhartt asserts that Costa is liable under the MCPA because of Costa's sale of various products depicting Costa's "wave" logo. (ECF #1, ¶29, p.14). However, Carhartt's MCPA claims is barred in its entirety by the six-year statute of limitations. MCL §445.911 (9). In its Complaint, Carhartt cites to the Wayback Machine, acknowledging that Costa began using its "wave" logo as early as June 9,



2009. (ECF #1, ¶28, pp. 12-14). Carhartt then alleges an expansion of Costa's product line and continued use of the Costa "wave" logo "since then". (ECF #1, ¶29, p.14). Carhartt completely ignores the statute of limitations imposed by the MCPA.

The statute of limitations begins to run when the alleged infringement began. It is not tolled even if the asserted wrongful act continued into a time period within the limitations period. *Bliss Clearing Niagara Inc. v. Midwest Brake Bond Co*., 339 F. Supp. 2d 944 (W.D. Mich. 2004). *Bliss* analyzed this issue as it pertains to Michigan state law causes of action that arise out of alleged trademark infringement and underscored the dispositive nature of a Michigan statute of limitations.  *Id.*

In *Bliss*, the plaintiff asserted claims under the Lanham Act and unfair competition under Michigan common law, among others.  *Bliss* noted that, although the Lanham Act does not contain a statute of limitations provision, the unfair competition claim was subject to a three-year statute of limitations. *Id.* at 973.  The Court held that the Michigan unfair competition claim was barred by the statute of limitations because the alleged trademark infringement began three years and two months before the suit was filed. In other words, because the infringement *began* just outside the statute of limitations, the entire claim was barred.

In explaining the distinction, the court stated, "The limitations analysis of this claim differs from the limitations analysis for the Lanham Act claim because the discovery rule and the continuing wrong doctrine both apply to the Lanham Act



9

claim, but not to the unfair competition claim under Michigan law." *Bliss*, at fn 9.
Michigan has indeed completely abrogated the continuing wrongs doctrine.
*Paquette v Ron's Marine*, 2016 Mich. App. LEXIS 983, at 1-2 (Mich. Ct. App. May
17, 2016), citing *Marilyn Froling Revocable Living Trust v. Bloomfield Hills
Country Club*, 283 Mich. App. 264, 288 (2009).

The statute of limitations begins to run from the date a claim first accrued.
MCL §600.5827. A claim accrues after the *first* damage occurs, regardless of
continued damaging acts thereafter. A plaintiff is "not subject to a new wrong" every
time the alleged wrongful act is repeated thereafter. *Sanderson v. Unemployment
Ins. Agency,* 2018 Mich. App. LEXIS 3073, at 7-8 (Mich. Ct. App. August 23, 2018).
"The only way that defendant would be subject to a later accrual date would be if
defendants' continual tortious acts delayed the accrual date while the wrongful acts
continued, i.e., if the continuing-wrongs doctrine applied." *Id*. The Court expressly
rejected that argument "because it is indistinguishable from the abrogated continuing
wrongs doctrine." *Id*. at 5. "The Michigan Supreme Court has held that the
'continuing violations' or 'continuing wrongs' or 'continuing torts' doctrine is no
longer applicable because it is contrary to MCL 600.5827." *Id.*

Carhartt's Complaint states that the alleged infringement began in at least
2009, more than twelve years before Carhartt filed this lawsuit. Therefore, Count V
is barred by the applicable six-year statute of limitations.



### 3. Carhartt Cannot Assert a Private Cause of Action for the Michigan Consumer Protection Act

Michigan law does not permit a business to assert a claim against a competitor under the MCPA. *Watkins Son Pet Supplies v. Iams Co* recognized that the majority view under Michigan law is that "the MCPA does not create a private right of action for a business entity." 107 F. Supp. 2d 883, 892-893 (S.D. Ohio 1999) (citing *Beaver v. Figgie Int'l Corp.*, 849 F. 2d 1472 (6th Cir. 1988)). Rather, "[t]he MCPA is intended to provide a remedy to *consumers* of goods for personal, family, or household purposes." *Id.* at 893. Even though the MCPA uses the term "person" to describe potential plaintiffs and defendants, "the plaintiff must still suffer an injury as contemplated by the statute, namely an injury from a consumer transaction." *Id.* It "would be rare indeed (if even possible) for a corporation to purchase goods for person, family, or household purposes." *Id.* at 893 (citing *Robertson v. State Farm Fire & Cas. Co.*, 890 F. Supp. 671, 679 (E.D. Mich. 1995)).

Michigan law has emphasized that the alleged injury must stem from a literal "transaction." In *J. Howard Cavin v. GMC*, consumers brought a claim against GMC for physical injuries and death that allegedly resulted from GMC vehicles. 1997 Mich. App. LEXIS 2103 (Mich. Ct. App. Nov. 4, 1997). The Court of Appeals upheld the dismissal of the plaintiffs' claim under the MCPA because the "plaintiffs' claims against defendant arose not in connection with a consumer transaction, but rather, in the context of potential litigation resulting from vehicular crashes." The



Court of Appeals emphasized that the "Act was enacted to provide an enlarged remedy for consumers who are 'mulcted' by deceptive business practices and must be liberally construed to achieve its intended goals." Therefore, the plaintiff's allegations were "not within the express or implied intent of the act." *Id.* at 9-10. It is not surprising that the MCPA also assumes that a specific "transaction" has occurred and permits a counter-claim that arises out of the same transaction. MCL §445.901(9).

Carhartt has not alleged this matter arises out of a specific "transaction" for *Carhartt's* purchase of goods for personal, family, or household purposes. Count V therefore fails for this reason as well.

### 4.   Costa's Conduct is Exempt From the MCPA

The MCPA exempts any "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." MCL §445.904(1)(a). The Michigan Supreme Court has interpreted this provision to mean that if the transaction at issue is regulated by a statute, it is exempted from the MCPA regardless of whether the alleged misconduct is prohibited. *See Smith v. Global Life Ins. Co.*, 460 Mich. 446, 464 (1999) ("the relevant inquiry is . . . whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited"). This holding broadly exempts regulated businesses from coverage



under the Act. *Id.* at 480 ("Under the majority view, any activity that is regulated by a regulatory board or officer acting under statutory authority of this state or the United States, is specifically authorized.").

The Sixth Circuit has followed the Michigan Supreme Court's guidance in exempting regulated business activity from the MCPA. For example, in *Molosky v. Washington Mut., Inc.*, the Sixth Circuit held that "general authorization is sufficient to exempt" a company under the MCPA. 664 F.3d 109, 117 (6th Cir. 2011). In *Molosky*, the plaintiff alleged that the mortgage lender violated various laws, including the MCPA, when it required plaintiff to pay fees when paying off a home mortgage early. *Id.* at 118. The Sixth Circuit disagreed, finding the mortgage lender was exempted because it was generally authorized to invest and sell or otherwise deal in residential real property loans. *Id.* More specifically, the Sixth Circuit held that the mortgage lender's authorization under law to "invest in, sell, or otherwise deal in … [r]esidential real property loans" was enough to exempt the lender under the MCPA. *Id.* at 118.

Here, Carhartt has alleged that Costa's act of selling products with its "wave" logo violates the MCPA. Costa's sale of products, however, is both authorized and specifically regulated by Michigan law, namely the Michigan Uniform Commercial Code, MCL §440.1101 *et seq.* Indeed, Section 2 of the Michigan UCC governs sales of goods, including the sale of goods. *See* MCL §440.2102 ("this article applies to



13

transactions in goods"). This includes the sale of goods to consumers. *See* MCL §440.2106 (defining "sale" as "the passing of title from the seller to the buyer for a price"); MCL §440.2103 (defining "seller" as "a person who sells . . . goods" and "buyer" as "a person who buys . . . goods")); MCL §440.2105 (defining "goods" as "all things . . . which are movable at the time of identification to the contract for sale . . .."). Courts have repeatedly allowed consumers to pursue relief under the Michigan UCC. *See Chiasson v. Winnebago Indus.*, No. 01-CV-74809, 2002 U.S. Dist. LEXIS 27462, at *14-15 (E.D. Mich. May 16, 2002) (discussing suits by consumers under the UCC); *Leavitt v. Monaco Coach Corp.*, 241 Mich. App. 288, 291, 616 N.W.2d 175, 178 (2000) (applying the Michigan UCC to a consumer transaction); *Sherman v. Sea Ray Boats*, 251 Mich. App. 41, 46 n.3, 649 N.W.2d 783, 786 (2002) (same).

Moreover, there is no question that Section 2 of the Michigan UCC regulates Costa's sales. For example, Part 3 of Section 2 of the UCC contains several regulations governing the sale of products such as the obligations of the buyer and seller (MCL §440.2301), how the price of Costa's goods may be payable (MCL §440.2304), and the warranties on Costa's products (MCL §§440.2313-440.2315). As a result, Costa's sales are exempted under the MCPA. *See, e.g.*, The Michigan Consumer Protection Act is Virtually Dead, Michigan Bar Journal, August 2012.



14

### 5.   At a Minimum, the Court Should Decline Supplemental Jurisdiction on the MCPA Claim

Here, the state claims are essentially duplicative of the Federal Claims, so economy counsels in favor of declining jurisdiction. *Bobo,* 2008 U.S. Dist. LEXIS 11415, at *6.   Additionally, as set forth herein, the MCPA has different and demanding requirements that may not exist with the Federal claims, so it is appropriate to decline supplemental jurisdiction.   *Id.* at *7 (noting that it is appropriate to decline supplemental jurisdiction where the state claims may, *inter alia*, prolong pre-trial practice); *Hankins v. Greektown Casino*, Case No. 12-11258, 2012 U.S. Dist. LEXIS 48919, at *6-7 (E.D. Mich. Apr. 6, 2012) ("Plaintiff's state-law claims raise novel and complex issues of state law that would be more appropriately adjudicated by the state court.").

### B.   Carhartt Should be Required to Provide a More Definite Statement

### 1.   Legal Standard

Fed. R. Civ. P. 12(e) allows a party to seek a more definite statement of a pleading where that pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e); *Fisher v. Caruso*, Nos. 03-71804, 06-11110, 2007 U.S. Dist. LEXIS 45366, at *6 (E.D. Mich. June 22, 2007). "The propriety of granting such a motion lies completely within the sound discretion of the trial court." *Valero LLC v. Valero Energy Corp.*, No. 14-21694, 2014 U.S. Dist. LEXIS 110554, at *5 (S.D. Fla. Aug. 11, 2014).

15



### 2.   Carhartt's Complaint Does Not Adequately Disclose the Asserted Trademarks

As discussed above, Carhartt's Complaint does not provide a complete list of trademarks (both registered and common law) that Costa allegedly infringes. In similar situations, courts have routinely ordered plaintiffs to provide a full list of the trademarks that form the basis of their complaint pursuant to Fed. R. Civ. P. 12(e). *See Valero*, *LLC v Valero Energy Corp.*, 2014 U.S. Dist. LEXIS 110554 (S.D. Fla. August 11, 2014), at \*13-14.

For example, in *Valero*, a defendant seeking declaratory judgment brought counterclaims for, *inter alia*, trademark infringement and unfair competition under the Lanham Act. *Id.* at \*4. In its counterclaims, the defendant merely "present[ed] a plurality of marks [defendant] contends it uses, rather than specifying which marks (either registered or unregistered) are infringed." *Id.* at \*14. In analyzing the sufficiency of defendant's counterclaims, the court noted that "[m]erely listing a plurality of marks which a trademark holder has acquired prior rights through use in commerce is not enough to put a party on notice of trademark infringement, nor is it appropriate for a party to make the blanket statement that the accused infringers 'have infringed its registered and unregistered marks.'" *Id.* at \*13 (quoting *Monster Cable Prods. v. Euroflex S.R.L.*, 642 F. Supp. 2d 1001, 1010 (N.D. Cal., July 10, 2009)). The court ordered defendant to identify "the exact trademarks purportedly infringed." *Id.* at \*14.



16

Similarly, in *La. Pac. Corp. v. James Hardie Bldg. Pr*o., plaintiff alleged trademark infringement but only identified three registrations. No. C-12-3433, 2012 U.S. Dist. LEXIS 162980, at *2-3 (N.D. Cal. Nov. 14, 2012). The court granted defendant's motion for a more definite statement, finding plaintiff's disclosure "lack[ed] the requisite specificity since it does not identify every trademark which was allegedly infringed." *Id.* at *2. The court found that requiring plaintiff to identify each allegedly infringed trademark was "not an overly burdensome requirement and [was] necessary to provide Defendant with adequate notice." *Id.* at *4. *See also Allison Transmission, Inc. v. Fleetpride, Inc.*, No. 1:16-cv-02455, 2017 U.S. Dist. LEXIS 51, at *11 (S.D. Ind. Apr. 5, 2017) (granting defendant's motion for a more definite statement and ordering plaintiff "to file a second amended complaint that more clearly defines which of its trademarks it believes [plaintiff] infringed"); *Boink Sys. v. Las Vegas Sands Corp.*, No. 2:08-cv-00089, 2008 U.S. Dist. LEXIS 130782, at *16-17 (D. Nev. Dec. 10, 2008) (granting plaintiffs' motion for a more definite statement and stating "[defendant] must apprise Plaintiffs of the trademarks that are at issue and give more details about how Plaintiffs violated the Lanham Act in order for Plaintiffs to meaningfully respond to the counterclaim").

Here, as in the cases discussed above, Carhartt failed to adequately advise Costa which trademarks Costa allegedly infringed. While Carhartt identified some of its trademarks, it is unclear whether Carhartt is asserting all of the identified



17

marks, a subset of the identified marks, or additional marks that were not included in the identified marks.  Indeed, the most prominent feature of some of the listed marks is the words CARHARTT (for example U.S. Trademark Reg. No. 4,302,600 for ) and <u>not</u> its "horn" or "cornucopia" symbol. Is Carhartt truly alleging that the Costa "wave" logo infringes the word Carhartt? It is also unclear which common law trademarks Costa allegedly infringed. As discussed above, Costa could not have infringed the same marks under both 15 U.S.C. §1114 and common law. Therefore, Costa has not been adequately appraised of Carhartt's claims and cannot respond to Carhartt's complaint. The Court should order Carhartt to more specifically identify which marks constitute the "Carhartt Marks" for each of the claims against Costa.

### IV.   CONCLUSION

For the reasons set forth above, Costa requests that the Motion for a More Definitive Statement and to Dismiss Plaintiff's MCPA claim be granted in its entirety.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: <u>February 11, 2022</u>

<u>/s/ Marc Lorelli</u>
Marc Lorelli (P63156)
Chanille Carswell  (P53754)
Rebecca J. Cantor  (P76826)
Chelsea E. Pasquali (P77375)
Reza Roghani Esfahani (P83787)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel:  (248) 358-4400 / Fax:  (248) 358-3351
Email:  mlorelli@brookskushman.com
          ccarswell@brookskushman.com
          rcantor@brookskushman.com
          cpasquali@brookskushman.com
          resfahani@brookskushman.com

*Attorneys for Defendant*

