UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CARHARTT, INC.,

    Plaintiff,

v.                                                                     Case No. 21-11844

COSTA DEL MAR, INC.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COUNT V AND DENYING DEFENDANT'S REQUEST FOR A MORE DEFINITE STATEMENT**

Plaintiff Carhartt, Inc., a clothing manufacturer and retailer, has filed a complaint against another clothing and accessory brand Defendant Costa Del Mar for trademark infringement. Plaintiff's complaint alleges a total of five claims under both federal and state law. Before the court is Defendant's motion to dismiss the Michigan Consumer Protection Act ("MCPA") claim contained in the complaint. The motion also requests that Plaintiff be required to provide a more definite statement of its allegations. The motion has been fully briefed, and the court concludes that a hearing is unnecessary. *See* E.D. Mich. R. 7.1(f)(2). For the reasons explained below, the court declines to exercise supplemental jurisdiction over Plaintiff's MCPA state law claim and will therefore dismiss Count V without prejudice. Further, the court will not require Plaintiff to provide a more definite statement of his remaining claims.

## I. BACKGROUND

The court draws the following factual allegations from the complaint. (*See* ECF No. 1.) Plaintiff Carhartt is a well-known, Michigan-based manufacturer and retailer of

clothing and accessories. Carhartt owns numerous federal registrations for trademarks containing a Stylized C Logo for use on its merchandise, and Plaintiff expressly cites four trademark registration numbers in its complaint. Plaintiff alleges that for decades it has utilized its stylized C Logo in its various forms as a source identifier on its various products.

Defendant Costa Del Mar, a subsidiary of multinational EssilorLuxottica SA, has manufactured and sold sunglasses under the name and mark "COSTA DEL MAR" and uses a logo comprising an encircled cresting wave that also resembles a capital "C."

**Carhartt & Costa logos
as alleged in the complaint**



Plaintiff alleges that in recent years Defendant has significantly expanded the type, styling, and marketing of its products, so that its products and business, which once focused on polarized sport sunglass, now squarely compete with the products and business of Carhartt. In addition, Plaintiff claims that Defendant has made significant changes to its logo and the placement of that logo on clothing and related accessories so that it closely resembles and is virtually identical to Carhartt's Stylized C logo. The complaint includes several images of similar clothing items that display each parties' respective logos in similar positions. Further, given Defendant's expanded distribution, Plaintiff says that Defendant's clothing and accessories now directly compete for the same consumers in the same sections of the same national retailers. As an example of

how Defendant's products previously appeared, Plaintiff's complaint cites a screenshot of Defendant Costa's website showing its logo and sunglass product line as it appeared in June 2009. (*See* ECF No. 1, PageID.12-13.)

Plaintiff contends that Defendant deliberately adopted and continues to use its C-shaped logo to trade off the fame and goodwill cultivated by Plaintiff in the Carhartt Marks leading to consumer confusion and dilution of Plaintiff's goodwill. Based on these allegations, Plaintiff has asserted these five causes of action in its complaint:

> Count I: 15 U.S.C § 1114 federal trademark infringement under the Lanham Act;
>
> Count II: 15 U.S.C. § 1125 federal unfair competition and false designation of origin under the Lanham Act;
>
> Count III: 15 U.S.C. § 1125(c) federal trademark dilution under the Lanham Act;
>
> Count IV: trademark infringement and unfair competition under Michigan common law;
>
> Count V: Mich. Comp. Laws § 445.903 *et. seq.* unfair, unconscionable, and deceptive methods, acts and practices in violation of the Michigan Consumer Protection Act;

Counts I–III allege federal claims over which the court has original jurisdiction. *See* 28 U.S.C. § 1331. The remaining claims are state law causes of action. Since Plaintiff's federal and the Michigan law claims arise out of the same incident and share common operative facts, the court is permitted to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367. However, the court retains discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

Defendant now brings a motion to dismiss as well as a motion for a more definite statement. First, Defendant argues that Plaintiff's claim under the MCPA (Count V)

should be dismissed because (1) it is barred by the six-year statute of limitations contained in Mich. Comp. Laws § 445.911(9); (2) Plaintiff lacks authority to assert an MCPA claim; and (3) Defendant's conduct is exempt under the statute. (*See* ECF No. 48.) Alternatively, Defendant argues that the court should decline to exercise supplemental jurisdiction over the MCPA claim since the "MCPA has different and demanding requirements that may not exist with the Federal claims." (*Id.*, PageID.70.)

Second, Defendant argues that "Carhartt's complaint does not adequately disclose the asserted trademarks" because "[w]hile Carharrt identified some of its trademarks, it is unclear whether Carhartt is asserting all of the identified marks, a subset . . . or additional marks that were not included in the [listed] marks." (*Id.*, PageID.71, 72-73.) And Defendant posits that it is also "unclear which common law trademarks that Costa has allegedly infringed." (*Id.*, PageID.73.)

## II. STANDARD

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. Under the Rule, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *Barber v. Miller*, 809 F.3d 840, 843 (6th Cir. 2015). Federal Rule of Civil Procedure 8 requires a plaintiff to present in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Boland v. Holder*, 682 F.3d 531, 534 (6th Cir. 2012) (emphasis removed) (citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In reviewing a motion to dismiss, the court may consider "any exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

### B.  More Definite Statement

Federal Rule Civil Procedure 12(e) provides in relevant part: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a

response." "The motion should be granted 'only if there is a major ambiguity or omission in the complaint that renders it unanswerable.'" *Rahaman v. Am. Connect Fam. Prop & Cas Ins.*, No. 20-11628, 2020 WL 5687324, at *2 (E.D. Mich. Sept. 14, 2020) (Whalen, M.J.) (quoting *Farah v. Martin*, 122 F.R.D. 24, 25 (E.D. Mich. 1988)). "'A motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail.'" *See Agguire v WL Flowers Mach & Welding Co, Inc*, 2011 WL 2672348, at *2 (S.D. Tex, July 7, 2011) (quoting *Davenport v. Rodriguez*, 147 F. Supp.2d 630, 639 (S.D. Tex. 2001)). Rule 12(e) should be applied only when "the pleading is so ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Murray v Gencorp, Inc*, 979 F. Supp 1045, 1051 (E.D. Pa. 1997) (internal citations omitted).

### III. DISCUSSION

#### A. The court will not exercise supplemental jurisdiction over the Consumer Protection Act claim

A federal court may exercise supplemental jurisdiction over each claim in an action that shares a common nucleus of operative facts with a claim that invokes the court's original jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). However, the federal court need not exercise its authority to invoke supplemental jurisdiction in every case in which it is possible to do so. *Id*. at 726. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id*. Justification for this doctrine "lies in considerations of judicial economy, convenience, and fairness to litigants." *Id*. 2013. If these considerations are not present, "a federal

6

court should hesitate to exercise jurisdiction over state claims." *Gibbs*, 383 U.S. at 726. A court may decline supplemental jurisdiction where "the claim raises a novel or complex issue of [s]tate law." 28 U.S.C. § 1367(c)(1). In making this determination, the court considers several factors, including "the values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[D]istrict courts have broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Pinney Dock & Trasp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) (quotation removed). Section 28 U.S.C. § 1367(c) explains the type of situations where it is appropriate to decline supplemental jurisdiction:

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Here, the court finds Plaintiff's Consumer Protection Act claim is complex and distinct from the Federal Lanham Act claims. Given the factual posture of this case, adjudication of the MCPA would raise novel issues of state law that are likely to substantially predominate over the Federal claims and has the potential for creating jury confusion.

The Michigan Consumer Protection Act prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce," Mich.

7

Comp. Laws § 445.903(1). In the case at bar, Plaintiff's complaint asserts that Defendant violated the MCPA by engaging in unfair and deceptive trade practices by selling goods (garments) to consumers that are likely to cause confusion or misunderstanding as to their source, sponsorship, or approval. (ECF No. 1, PageID.24 (citing Mich. Comp. Laws § 445.903(1)).) Plaintiff alleges it has been harmed by Defendant's deceptive practices because Defendant is "now competing directly with Carhartt." (*Id.*, PageID.25.)

It is common for a plaintiff bringing a federal trademark claim to also assert an MCPA claim. *See, e.g.*, *ForeWord Mag., Inc. v. OverDrive, Inc.*, No. 1:10-CV-01144, 2013 WL 140195, at *2 (W.D. Mich. Jan. 10, 2013). Michigan courts have interpreted this section to be coextensive with a trademark claim under the Lanham Act and have instructed courts to apply the likelihood of confusion factors imported from that Act. *See Schreiber Mfg. Co., Inc. v. Saft Am., Inc.*, 704 F. Supp. 759, 769 (E.D. Mich. 1989) (Friedman, J.) (finding that "the 'likelihood of confusion' standard applicable to the Michigan Consumer Protection Act is the same as that involved in federal and state trademark law"). "To establish a claim under [the MPCA], a plaintiff must prove that it owns a valid trademark, and that the Defendant's use of the mark is 'likely to cause confusion among consumers regarding the origin of the goods offered by the parties.'" *ForeWord Mag.*, 2013 WL 140195, at *2 (quoting *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997)).

The nature of the MPCA, however, presents several additional complexities relevant to Plaintiff's claim in the present case. First, the MCPA does not apply to "[a] transaction or conduct specifically authorized under laws administered by a regulatory

board or officer acting under statutory authority of this state or the United States." § 445.904(1)(a). "[T]he relevant inquiry is whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited." *Liss v. Lewiston–Richards, Inc.*, 478 Mich. 203, 732 N.W.2d 514, 518 (Mich. 2007) (citation and quotation marks omitted). This exemption has been read to broadly exempt regulated business activity from the MCPA. *See, e.g.*, *Molosky v. Washington Mut., Inc.*, 664 F.3d 109, 117 (6th Cir. 2011) (finding that a mortgage lender's "general" authorization under law to "invest in, sell, or otherwise deal in . . . [r]esidential real property loans" under another Michigan statute was "sufficient to exempt" a defendant from the MPCA).

Second, the MCPA limits claims under the Act based on the "conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity." Mich. Comp. Laws § 445.902(g).

Third, "[a] claim under Michigan's Consumer Protection Act must be brought within six years after the occurrence of the incident that is the subject of the action or within one year after the last payment in a transaction." *Jones v. Lubrizol Advanced Materials, Inc.*, 559 F. Supp. 3d 569, 614 (N.D. Ohio 2021) (citing Mich. Comp. Laws § 445.911(9)). This stands in contrast to the Lanham Act which "does not contain a statute of limitations" and instead relies on the defense of "laches" to determine if a claim is time-barred. *See Kehoe Component Sales Inc. v. Best Lighting Prod., Inc.,* 796

9

F.3d 576, 584 (6th Cir. 2015) (citations and internal quotations marks omitted). "Laches is the negligent and unintentional failure to protect one's rights." *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 408 (6th Cir.2002) (internal quotation marks omitted).

Here, Plaintiff's MCPA claim raises complex questions under each of the aforementioned statutory limitations, and Defendant invokes all three as grounds when moving for dismissal under Rule 12(b)(6). Defendant's motion argues that Plaintiff's complaint is "barred in its entirety by the six-year statute of limitations" because Plaintiff's complaint "acknowledge[es] that Costa began using its 'wave' logo [with a stylized "C"] as early as June 9, 2009." (*See* ECF No. 9, PageID.63.) Next, Defendant argues that MCPA does not permit Plaintiff to assert a claim against its competitor because [t]he MCPA is intended to provide a remedy to consumers of goods for personal, family, or household purposes." (*Id.*, PageID.66 (internal quotation marks omitted).) Finally, Defendant contends that its conduct is exempt from MCPA because "Costa's sale of products, however, is both authorized and specifically regulated by Michigan law, namely the Michigan Uniform Commercial Code, MCL §440.1101 *et seq*." (*Id.*, PageID.68.)

Because adjudication of the legal issues raised by the MCPA claim would require a novel and complex interpretation of the Michigan law, the court will decline to exercise supplemental jurisdiction. The statute of limitations issue alone represents a matter of first impression that cautions against the court exercising supplemental jurisdiction over the MPCA claim. In its response to the motion to dismiss, Plaintiff explains that while Defendant has used its "C" shaped logo at least as far as 2009, "the gravamen of

Carhartt's claim is that, at some point since then, Costa made significant changes to its mark (such as dropping the outer circle and the blue) . . . to squarely compete with [Plaintiff]." (*See* ECF No. 13, PageID.152.) To avoid the MCPA's six-year statute of limitations, Plaintiff's brief argues that it can rely on Defendant's "progressive encroachment [of its mark] as alleged in the complaint." (*Id.*, PageID.153.)

But the concept "[p]rogressive encroachment" developed as "an offensive countermeasure to the affirmative defenses of laches and acquiescence" in the context of trademark claims under the Lanham Act, which again, does not have a statute of limitations. *See Kellogg Co. v. Exxon Corp.*, 209 F.3d 562, 570-71, (6th Cir. 2000) ("Progressive encroachment *is relevant in assessing whether laches or acquiescence may be used* to bar a plaintiff's trademark claim; it applies in cases where the defendant has engaged in some infringing use of its trademark. . . but the plaintiff does not bring suit right away because the nature of defendant's infringement is such that the plaintiff's claim has yet to ripen into one sufficiently colorable to justify litigation.") (emphasis added). Because the MCPA contains a six-year statute of limitations, Defendant's motion to dismiss relies on this statute of limitations, not the equitable defense of lashes. The court is aware of no Michigan case law that has explicitly recognized the concept of "progressive encroachment." And at least one out-of-state court has suggested that a progressive encroachment argument could not serve as a defense in an analogous situation. *See E. W., LLC v. Rahman*, 873 F. Supp. 2d 721, 733 (E.D. Va. 2012) ("Defendants do not raise a laches defense, but rather argue that Defendant's [Virginia Consumer Protection Act] and Virginia Criminal Code claims are barred by the statute of limitations. [The plaintiff] cites no cases where progressive encroachment

11

pushed back the limitations period (as opposed to the laches period) on consumer protection claims, nor has the Court located any."). Plaintiff cites *Wigs for Kids, Inc. v. Wigs 4 Kids of Michigan, Inc.*, 2017 WL 6539271 (E.D. Mich. Dec. 21, 2017) (Edmunds, J.), as standing for the proposition that Michigan law allows the concept of progressive encroachment to be used to rebut the MCPA's statute of limitations argument. (ECF No. 13, PageID.153.) Though the opinion discusses the concept of progressive encroachment with regard to a federal trademark claim, nowhere does the opinion explicitly indicate that progressive encroachment applied to the MCPA claim. *See Wigs for Kids*, 2017 WL 6539271 at *8. And *Wigs for Kids* contains no discussion of Michigan case law relevant to the issue. *Id.*

Consequently, by Plaintiff's own reasoning, to adjudicate Defendant's motion to dismiss, the court would be required to determine if the concept of progressive encroachment applied in a context where no Michigan court has ever addressed the issue. This is the type of novel question of Michigan law that counsels against the court exercising supplemental jurisdiction. Michigan case law could benefit from further development concerning when the Act can actually be applied in complex trademark cases.

And the statute of limitations dispute is not the only novel legal issue that Plaintiff's MCPA claim would require that this court address. The court would also need to decide, as a matter of first impression, whether the UCC, as codified in Michigan statute, is a regulatory regime precluding application of the MCPA under the Michigan Supreme Court's *Liss* decision. *See* 732 N.W.2d at 518. While the court is rather skeptical of Defendant's argument, adjudicating the issue would nevertheless require

12

the court to make an additional ruling on a novel state law claim. *See Jaguar Land Rover Ltd. v. Bombardier Recreational Prod., Inc.*, No. 16-CV-13386, 2017 WL 633805, at *2-*3 (E.D. Mich. Feb. 16, 2017) (Drain, J.) (declining to exercise supplemental jurisdiction over an MCPA claim brought as part of a trademark dispute because determining if the "sale of motor vehicles" should be exempt from the Act "is a complex issue that requires interpretation of the scope of the MCPA . . . best addressed by Michigan's courts").

Retaining jurisdiction may also result in more complex and technical state claims overshadowing Plaintiff's sole federal claim. *See* 28 U.S.C. § 1367(c)(2) (allowing the court to decline supplemental jurisdiction if state claims "substantially predominate[]"). Further, presenting separate categories of evidence for nuanced state claims may run the risk of jury confusion, especially here where the jury could be required to apply multiple statutes of limitations to the same conduct. *See* 28 U.S.C. § 1367(c)(2) (permitting the court to decline supplemental jurisdiction where "there are other compelling reasons").

In all, the court believes state courts are in a better position to analyze Plaintiff's state claims. The parties will be provided more definitive, and accurate, rulings. State courts will also have the opportunity to establish consistent standards under their own law. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). State litigation would directly confirm or deny the viability of Plaintiff's MCPA claim and would not substantially impact judicial economy. *Id.* The parties have not advanced to full discovery in federal court and would not be unduly prejudiced by pursuing the claim in state court. *Id.*; *James v. Hampton*, 592 Fed. App'x 449, 463 (6th Cir. 2015) (quoting

13

*Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996)) ("[D]ismissal of state claims is more appropriate 'when the court has not yet invested a great deal of time.'"). Because Plaintiff's MCPA claim raises several issues of state law, the court will not continue to exercise supplemental jurisdiction over Plaintiff's claim. 28 U.S.C. § 1367(c)(1).

### B. Motion for More Definite Statement

Defendant's motion also argues that Plaintiff should be required to provide a more definite statement of its trademark claims "provid[ing] a full list of the trademarks that form the basis of their complaint pursuant to Federal Rule Civil Procedure 12(e)." (ECF No. 9, PageID.71.) Defendant contends that "Carhartt's Complaint does not provide a complete list of trademarks (both registered and common law) that Costa allegedly infringes." (*Id.*)

Plaintiff responds that its complaint "expressly identifies the specific trademarks by listing the trademark, corresponding registration number and goods and services, and . . . includes specific examples of its use of the mark, including images and scope of alleged rights." (ECF No. 13, PageID.165.) It notes that paragraph 11 of the complaint "identifies and defines the 'Stylized C Logo' as a standalone mark." (*Id.*) Further, to the extent its complaint alleges violations of its common law trademark rights Plaintiff explains that it is "asserti[ing] . . . a common law infringement claim of the same registered trademarks." (*Id.*, PageID.167.)

The court finds that Plaintiff's complaint provides a "short and plain statement" supporting each count in its complaint as required by Federal Rule of Civil Procedure 8(a). Here, Plaintiff has "identif[ied] the actual trademark and/or registration alleged to

be infringed when making a claim of trademark infringement." *See Valoro, LLC v. Valero Energy Corp.*, No. 14-21694-CIV, 2014 WL 3920035, at *4 (S.D. Fla. Aug. 11, 2014). The complaint's citations to specific registered trademarks regarding the use of its "C" logo for garments and other retail products, along with photographic examples showing allegedly infringing products, is sufficient to put Defendant on notice regarding the purported trademark infringement. Further, Plaintiff has explained that its common law trademark claims are relatively limited in scope. Because there is no "major ambiguity or omission in the complaint that renders it unanswerable," the court denies Defendant's request under Rule 12(e). *See Rahaman*, 2020 WL 5687324 at *2.

## IV. CONCLUSION

Plaintiff's MCPA claim would require the court to consider multiple and complex issues of state law, so the court finds that it should decline to exercise supplemental jurisdiction over Count V of Plaintiff's complaint. And because Plaintiff has provided a sufficiently detailed complaint, the court declines Defendant's request to order a more definite statement. Accordingly,

IT IS ORDERED that Defendant's motion "Motion to Dismiss Count V and for a More Definite Statement" (ECF No. 9) is GRANTED IN PART and DENIED IN PART. IT IS GRANTED in that court declines to exercise supplemental jurisdiction over Count V of Plaintiff's complaint. BUT IT IS DENIED with respect to Defendant's request for a more definite statement of Plaintiff's complaint.

IT IS FURTHER ORDERED that Plaintiff's state law Michigan Consumer Protection Act Claim (Count V) is DISMISSED WITHOUT PREJUDICE.

                                                        s/Robert H. Cleland        /
                                                        ROBERT H. CLELAND
                                                        UNITED STATES DISTRICT JUDGE

Dated: August 26, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 26, 2022, by electronic and/or ordinary mail.

                                                        s/Lisa Wagner        /
                                                        Case Manager and Deputy Clerk
                                                        (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\21-11844.CARHARTT.DismissStateLawClaimsWithoutPrejudice.AAB.docx