UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **CARHARTT, INC.**<br><br>          Plaintiff,<br><br>v.<br><br>**COSTA DEL MAR, INC.**<br><br>          Defendant. | **Case No. 3:21-cv-11844-RHC-CI** |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Plaintiff Carhartt, Inc. and Defendant Costa Del Mar, Inc. hereby stipulate to entry of the following Protective Order:

**I.     Scope**

This Protective Order shall govern the production and exchange of all documents, deposition testimony, interrogatory answers, responses to requests for admissions, and other information produced, disclosed, given, or exchanged by and among the parties and/or third parties to another party or parties in the course of this action. Persons who are not parties to this Action, but who are required to produce documents in response to a subpoena in connection with this action, shall

be entitled to invoke the provisions of this Order as if such non-party were a party to this action.

## II. Protected Material

1. **Confidential Information** – Any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2. **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

    a. The named parties in this case, their attorneys, and their support staff (e.g., copying and document management personnel).

    b. Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 5 below.

    c. Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of

    the document or thing, who agree to abide by the terms of this Protective Order.

   d. This Court and its staff members.

3. **Highly Confidential Information – Attorney's Eyes Only** – Any document or thing that a party in good faith believes to contain highly confidential information that is not publicly available (such as a trade secret, or highly confidential research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

4. **Non-Disclosure of Highly Confidential Information** – Any document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

   a. Outside attorneys of record in this lawsuit and their support staff (e.g., copying and document management personnel).

   b. Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 5 below.

3

  c. Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

  d. This Court and its staff members.

### III. Other Considerations

5. **Disclosure to Experts and Consultants** – Before any documents, testimony, or other information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are disclosed to an independent expert or consultant, the receiving party shall give the producing party ten (10) days written notice of the proposed expert. If the producing party objects to the expert, no designated material or information of the producing party shall be disclosed to the expert or consultant until the issue is resolved by the Court.

6. **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the party or attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information.

7. **Motion Practice** – All documents, testimony, and information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are submitted to the Court Clerk as part of a motion or other paper shall be filed pursuant to Local Rule 5.3. A redacted copy of the motion or paper may be filed with the Court Clerk through the Court's electronic filing system and an unredacted copy of the motion or paper may be filed under seal.

An unsealed or unredacted copy of the confidential document, testimony, or information may be used for the judge's courtesy copy of the motion, but each page containing confidential information shall be marked in such a way that it clearly notifies the Court that the page contains confidential information that was filed pursuant to Local Rule 5.3. The judge's courtesy copy of the motion shall be sent directly to the Judge's chambers and not filed with the Court Clerk.

8. **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced under either the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation.

9. **Challenging "Confidential" or "Highly Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential or highly confidential under Federal Rule of Civil

Procedure 26(c) may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

10. **Trial and Other Hearings** – This Order shall not prevent any Protected Material from being used by the Court or counsel at any hearing in this action or from being offered and received into evidence at trial, provided that such use is made only in accordance with such appropriate procedures as may be approved by the Court. The parties shall confer to reach agreement regarding the procedures to be recommended to the Court prior to the Trial and/or Hearing during which the Protected Material may be used.

11. **Termination of Lawsuit** – All documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential. Outside litigation counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files.

12. **Non-Waver of Confidentiality** – The production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," whether inadvertent or otherwise, is not a waiver of the producing party's claim of confidentiality in this case or in any other federal or state proceeding and does not stop the producing party from designating the information or document as confidential at a later date. Disclosure of the information or document by any receiving party prior to receiving notice of such later designation will not be deemed a violation of the provisions of this Order. Nothing in this provision shall waive any party's right to challenge any such designation pursuant to the terms of this Order.

13. **Non-Waiver of Privileged Material** – Any production—whether inadvertent or otherwise—of privilege or work product protected material shall not result in the waiver of the producing party's claim of any associated privilege (attorney-client privilege, work product doctrine, etc.) or stop the producing party from designating the information or document as privileged pursuant to the terms of this Order at a later date. This Order shall be interpreted to provide all protections for privileged material allowed by Federal Rule of Evidence 502 and has no effect on a party's right to challenge any such claim of privilege.

14. **Use by Persons Producing Protected Material** - Nothing in this Order is intended to limit the rights of any party from which Protected Material has originated to use its own Protected Material in any way such party sees fit.

15. **Modifications** - The terms of this Order are subject to modification, extension, or limitation as agreed to by all parties to this action in writing, provided

7

that all parties join in, and the Court approves, such modification, extension, or limitation.

        SO ORDERED

Dated: January 17, 2023          s/Robert H. Cleland
                                               Honorable Cleland
                                               United States District Court Judge

Stipulated to and agreed:

| | |
|---|---|
| By: /s/ Yafeez S. Fatabhoy w/ Consent | By: /s/ Chelsea E. Pasquali |
| John S. Artz (P48578) | Marc Lorelli (P63156) |
| J. Benjamin Dolan (P47839) | Chanille Carswell (P53754) |
| Salina M. Hamilton (P_____) | Rebecca J. Cantor (P76826) |
| Yafeez S. Fatabhoy (P83064) | Chelsea E. Pasquali (P77375) |
| DICKINSON WRIGHT PLLC | BROOKS KUSHMAN P.C. |
| 350 S. Main Street, Suite 300 | 1000 Town Center, 22nd Floor |
| Ann Arbor, MI 48104 | Southfield, Michigan 48075 |
| Tel: (734) 623-7075 | Tel: (248) 358-4400 |
| Email: JSArtz@dickinsonwright.com | Email: mlorelli@brookskushman.com |
| BDolan@dickinsonwright.com | ccarswell@brookskushman.com |
| SHamilton@dickinsonwright.com | rcantor@brookskushman.com |
| YFatabhoy@dickinsonwright.com | cpasquali@brookskushman.com |
| | resfahani@brookskushman.com |
| *Attorneys for Plaintiff Carhartt, Inc.* | *Attorneys for Defendant Costa Del Mar, Inc.* |
| Dated: January 17, 2023 | Dated: January 17, 2023 |

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**CARHARTT, INC.**

      Plaintiff,

**v.**

**COSTA DEL MAR, INC.**

      Defendant.

**Case No. 3:21-cv-11844-RHC-CI**

### EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare as follows:

1. I have read the Protective Order in the above captioned case.

2. I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" with anyone other than the persons described in the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____       _____
                             [Signature]