UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARHARTT, INC.,

        Plaintiff,

Case No. 2:21-cv-11844

HONORABLE STEPHEN J. MURPHY, III

v.

COSTA DEL MAR, INC.,

        Defendant.

_____/

**OPINION AND ORDER GRANTING**
**<u>MOTION FOR LEAVE TO AMEND COMPLAINT [51]</u>**

Plaintiff Carhartt sued Defendant Costa Del Mar for trademark infringement. ECF 1. In its original complaint, Plaintiff listed four alleged infringed trademarks. *Id.* at 4–6. Many months later, Plaintiff obtained a specific trademark from the United States Patent and Trademark Office (USPTO) for its marks that were to be displayed on hats. ECF 52, PgID 509–10. Plaintiff then moved to amend its complaint to add the hat-specific trademark. *Id.* at 511. And as part of the amendment, Plaintiff also sought to remove count five, that the Court had previously dismissed, from the operative complaint. *Id.*; *see also* ECF 18. For the reasons below, the Court will grant the motion.

1

## BACKGROUND[1]

Plaintiff Carhartt is a Michigan-based clothing manufacturer and retailer. Plaintiff owns several federally registered trademarks with the Stylized C Logo, and Plaintiff uses the logo on its products. Defendant Costa Del Mar is a subsidiary of multinational EssilorLuxottica SA that originally focused on polarized sports sunglasses. In recent years, Defendant has expanded its business into a broader array of products. And as a result, Plaintiff alleged that Defendant now competes directly with Plaintiff for the same consumers. Plaintiff contended that Defendant's logo—an encircled cresting wave—is virtually identical to Plaintiff's Stylized C Logo:



ECF 52-5, PgID 608. Plaintiff also alleged that "Defendant deliberately adopted and has continued to use Defendant's C Logo to trade off of the fame and goodwill cultivated by Carhartt in the Carhartt Marks, as well as to create an association with Carhartt." *Id.* at 612.

---

[1] The Court takes the following factual allegations from the proposed amended complaint. *See* ECF 52-5, PgID 596–613.

2

In its original complaint, Plaintiff asserted five causes of action: (1) federal trademark infringement under the Lanham Act; (2) federal unfair competition and false designation of origin under the Lanham Act; (3) federal trademark dilution under the Lanham Act; (4) trademark infringement and unfair competition under Michigan common law; and (5) unfair, unconscionable, and deceptive methods, acts, and practices in violation of the Michigan Consumer Protection Act. ECF 1, PgID 20–25; *see also* 15 U.S.C. §§ 1112(a), (c),1114 (Lanham Act). Defendant moved to dismiss count five and moved for a more definite statement. ECF 9. The Court dismissed count five without prejudice, and it denied the motion for a more definite statement. ECF 18.

Plaintiff's original complaint listed four alleged infringed trademarks:



ECF 1, PgID 4–6. After filing suit, Plaintiff applied for an additional trademark from the USPTO. ECF 52, PgID 509–10. That trademark is hat specific:



ECF 52-5, PgID 600; *see also id.* at 628 (noting that "the mark consists of a three-dimensional configuration of a hat"). More than a year after the USPTO approved the

mark, Plaintiff moved to amend its complaint to add the hat-specific mark to its complaint. ECF 51, 52.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is filed, a party may amend a pleading only with the written consent of the opposing party or with leave of the Court. The rule also provides that "[t]he [C]ourt should freely give leave when justice so requires." *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962). To determine whether to grant leave to amend a pleading, the Court must consider six factors: (1) "undue delay in filing"; (2) "lack of notice to the opposing party"; (3) "bad faith by the moving party"; (4) "repeated failure to cure deficiencies by previous amendments"; (5) "undue prejudice to the opposing party"; and (6) "futility of [the] amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (quotation omitted).

A proposed amendment is futile if the complaint could not survive a motion to dismiss. *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022). As a result, the proposed amended complaint must allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The district court must "construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no

4

set of facts in support of his claims that would entitle him to relief." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citation omitted).

## DISCUSSION

Because the balance of factors favors granting leave to amend, the Court will grant the motion. The Court will address each factor in turn. *See Wade,* 259 F.3d at 458–59.

As to the first factor, Plaintiff unduly delayed amending the complaint. The USPTO granted Plaintiff's hat-specific trademark more than a year prior to the proposed amendment on May 16, 2023. ECF 52, PgID 509–10. But Plaintiff did not move for leave to amend until August 27, 2024. ECF 51. And Plaintiff offered no explanation for why it took more than a year to request leave. *See* ECF 52, PgID 513–14. The first factor therefore favors denying the motion.

As to the second factor, Defendant had notice about the alleged infringing mark. Defendant knew about the hat-specific mark because Plaintiff included it in two supplemental responses to Defendant's interrogatories in the Spring of 2023. *See* ECF 52-3, PgID 552; ECF 52-4, PgID 571. While it is true that Plaintiff included the trademark application only because the trademark had yet to be approved by the USPTO, that was enough to put Defendant on notice about the hat-specific mark. After all, Plaintiff told Defendant that it was "currently asserting infringement of at least the following marks," and Plaintiff included the hat-specific mark in the list of alleged infringed marks. ECF 52-4, PgID 570–71.

5

Third, notwithstanding Plaintiff's delay in seeking leave to amend, there is no evidence that suggests bad faith by Plaintiff. Fourth, Plaintiff did not repeatedly fail to cure deficiencies in the complaint. In fact, Plaintiff has not amended the complaint to date. Fifth, allowing the amendment would not create undue prejudice. The discovery deadline has not yet passed. *See* ECF 50. Moreover, the case already involved the alleged trademark infringement of, *inter alia*, hats, visors, beanies, t-shirts, long sleeve shirts, sweatshirts, hoodies, button-downs, and quarter zips. ECF 52-4, PgID 572–83. The amendment therefore would not open up a whole new avenue of litigation. Rather, the hat-specific trademark falls well within the kinds of clothing already at issue. The third, fourth and fifth factors therefore favor granting the motion.

The last factor—futility—also favors granting leave to amend. Although Defendant advanced three arguments for why amendment would be futile, none are persuasive.

First, Defendant argued that Plaintiff's amended complaint failed to allege that Defendant used the hat-specific mark. True enough, Plaintiff's complaint must allege that Defendant "used the mark in commerce." *Hensley*, 579 F.3d at 609. But the amended complaint alleged that "Costa currently sells identical clothing and related accessories under a mark that is nearly identical to Carhartt's mark" and that "Costa's clothing and related accessory designs closely approximate the designs of the clothing and related accessories that have long been associated by consumers with Carhartt." ECF 52-5, PgID 608. The complaint also provides pictures of some alleged

6

infringing uses. *Id.* at 608–11. To survive a motion to dismiss under 12(b)(6), Plaintiff need only include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Plaintiff pleaded that Defendant used its trademarks, including the hat-specific mark, in accessory and clothing designs. If true, such allegations raise a plausible right to relief, so Defendant's argument fails.

Second, Defendant argued that its statutory right to exclusive use of its own trademark made Carhartt's amendment futile. ECF 54, PgID 669. To assess that argument, however, the Court must clarify what evidence it will and will not consider on a motion to dismiss. *See* Fed. R. Civ. P. 12(d).

On the one hand, in its response, Defendant relied on evidence concerning the "Costa Cuff Beanie" that the Court will not consider. *See* ECF 54, PgID 669–70. Defendant argued that the Costa Cuff Beanies "display [Defendant's] incontestable trademark, which inherently bars any claim for infringement." *Id.* at 672. But Defendant's beanie does not appear in Plaintiff's proposed amended complaint. *See* ECF 52-5. Although Plaintiff referenced the Costa Cuff Beanie in other documents, *see* ECF 52-4, PgID 579, Plaintiff did *not* reference the beanie in the amended complaint or the exhibits attached thereto, *see* ECF 52-5. Going beyond the pleadings would convert a motion to dismiss into a motion for summary judgment, s*ee* Fed. R. Civ. P. 12(d), accordingly, the Court will not consider the Costa Cuff Beanie image in its futility analysis.

On the other hand, Defendant also relied on evidence concerning its own trademark registration that the Court *can* consider. Although Defendant's trademark registration cannot be found in Plaintiff's complaint, the Court can consider public records. *See In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014) ("[I]f public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment."); *see also Truveris, Inc. v. Skysail Concepts, LLC.*, No. 1:21-cv-01262, 2022 WL 4537071, at *6 (N.D. Ohio Sept. 28, 2022) (taking judicial notice of USPTO documents).

As previously noted, Defendant argued that Plaintiff's amendment would be futile because Defendant had an incontestable trademark. ECF 54, PgID 670. Defendant's claimed incontestable mark covers clothing that has the cresting wave design "FOLLOWED TO THE RIGHT BY THE STYLIZED WORDING 'COSTA.'" ECF 54-1, PgID 682. Defendant argued that its incontestable trademark barred a claim for trademark infringement against the Costa Cuff Beanie. But the argument is misplaced because the Court cannot weigh evidence outside the pleadings concerning the Costa Cuff Beanie.

To be sure, the pleadings do include a copy of the hat-specific trademark. *See* 52-5, PgID 628. And the trademark includes the drawing of a beanie. *See id.* But the text below the image makes no mention of a beanie. *See id.* In fact, it clarifies that "[t]he dotted lines in the drawing serve to indicate the positioning of the mark in

8

relation to the hat *and do not form part of the mark.*" *Id.* (emphasis added). The proffered USPTO document notes that "[t]he mark consists of a three-dimensional configuration of a hat featuring a square patch with a decorative 'C' design placed above the word 'CARHARTT' on the patch. The square patch is in the middle of the hat.'" *Id.* And so, although the trademark may be limited to some set of hats, it is not explicitly limited to beanies. Moreover, Defendant's trademark only covers shirts and hats that include the cresting wave design "FOLLOWED TO THE RIGHT BY THE STYLIZED WORDING 'COSTA.'" ECF 54-1, PgID 682. According to Plaintiff's amended complaint, however, Defendant made hats that did *not* include the word "COSTA" to the right of the wave design. *See* ECF 52-5, PgID 609–10. Even if Defendant's trademark was incontestable for some subset of hats, it could not bar all Plaintiff's claims regarding hats. For the futility analysis, the Court must "determine whether the plaintiff *undoubtedly can prove no set of facts* in support of his claims that would entitle him to relief." *Riverview Health Inst.*, 601 F.3d at 512 (citation omitted) (emphasis added). Plaintiff's complaint does not even contain an exhaustive list of infringing products (or hats), *see* ECF 52-5, and the Court cannot conclude that one incontestable trademark would make amendment futile.

Third, Defendant argued that Carhartt's amended complaint failed to allege that Costa's alleged use of the hat-specific mark is likely to cause confusion. ECF 54, PgID 673. Plaintiff is, of course, required to allege some consumer confusion. *See Hensley*, 579 F.3d at 609. But Plaintiff's complaint alleged that "Defendant's clothing and accessories now compete directly for the same consumers in the same sections of

9

the same stores where Carhartt's clothing and accessories are sold," and it includes a photograph of "Defendant's product being sold directly across the aisle from Carhartt's product in a major brick-and-mortar sporting goods store." ECF 52-5, PgID 611. Plaintiff's allegations support a reasonable inference of customer confusion. And Plaintiff alleged Defendant admitted that their logo is likely to cause confusion. *Id.* Moreover, courts rarely dismiss trademark suits for lack of confusion because likelihood of confusion is generally a question of fact. *See Bliss Collection, LLC v. Latham Cos., LLC*, 82 F.4th 499, 508 (6th Cir. 2023) (quoting *Hensley*, 579 F.3d at 613) ("[G]enerally, dismissal for failure to state a claim upon which relief can be granted is appropriate in only the most *extreme* trademark infringement cases, such as where goods are unrelated as a matter of law, since the likelihood of confusion is generally a question of fact.") (emphasis in original). Here, dismissal for lack of confusion is not appropriate. For the reasons above, Plaintiff's amendment is not futile and the final factor favors granting leave.

Because the balance of factors favors granting leave to amend, the Court will grant the motion. *See Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973) (noting that the Court cannot deny a motion for leave to amend solely because of delay).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for leave to file an amended complaint [51] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must file the amended complaint no later than **October 8, 2024**.

SO ORDERED.

                                                                   s/ Stephen J. Murphy, III
                                                                   STEPHEN J. MURPHY, III
                                                                   United States District Judge

Dated: October 3, 2024